CIRELLA v. PALMIERI et al. (two cases).

(Supreme Court, Appellate Term. February 24, 1910.)

PARTNERSHIP (§ 155*)—LIABILITY AS PARTNER—ESTOPPEL—CERTIFICATES.

Where a business was conducted in the name of P. & Son, and this was with permission of P., and he represented himself to be a partner, and in fact they had never been partners, he was estopped to deny liability for debts contracted by the son in the firm name; Partnership Law (Consol. Laws, c. 39) §§ 20–22, permitting a business under certain circumstances to be continued in a partnership name, on retirement of a partner, without liability to the retiring partner, a certificate showing the person or persons intending to deal under such name being filed with the county clerk, having no relevancy.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 278–280; Dec. Dig. § 155.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Two actions by Ciambattista Cirella against Donato Palmieri and another. From judgments dismissing the complaints as against said Donato, after a trial without a jury, plaintiff appeals. Reversed, and new trials ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Nicholas Selvaggi, for appellant.

H. A. Rosenberg, for respondents.

PER CURIAM. These actions were brought against Donato Palmieri and Patrick J. Palmieri upon two checks signed "D. Palmieri & Son by Patrick J. Palmieri." The complaints were dismissed as against Donato, who was the father of Patrick, on the ground that he was not a partner. Plaintiff testified that Donato had represented himself as a partner with his son. Donato's testimony was not furnished. Patrick admitted that he was using the firm name with his father's permission, and that the two had never been in partnership at any time. Hence the certificate filed with the county clerk, upon which defendants rely, is of no relevance (Partnership Law [Consol. Laws, c. 39] §§ 20–22), and Donato is estopped to deny his liability for debts contracted by his son in the firm name.

The judgments should be reversed, and a new trial ordered, with costs to appellant to abide the event.